IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NATHAN OWEN TACY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO: 3:12-cv-712-RL-CAN |
| NEW ENGLAND COMPOUNDING ) | |
| PHARMACY, INC. a/k/a NEW ENGLAND ) | |
| COMPOUNDING CENTER; ) | |
| AMERIDOSE, LLC; and ALAUNUS ) | |
| PHARMACEUTICAL, LLC, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR LEAVE TO FILE BELATED RESPONSIVE PLEADING ON BEHALF OF DEFENDANT ALAUNUS

Defendant Alaunus Pharmaceutical, LLC ("Alaunus"), by counsel, respectfully moves the Court for permission to file its belated responsive pleading, attached hereto as **Exhibit A**. In support of this Motion, Defendant states as follows:

1. On October 16, 2012, Plaintiff filed a Complaint against Defendants New England Compounding Pharmacy, Inc., a/k/a New England Compounding Center, Ameridose, LLC, and Alaunus Pharmaceutical, LLC.

2. On November 8, 2012, Defendants removed this action to the United States District Court, Northern District of Indiana, South Bend Division, based on the diversity of the parties and federal question pursuant to 28 U.S.C. §§ 1331, 1332.

3. Per Order of this Court, Defendants' responsive pleadings were due on December 13, 2012.

4. On December 13, 2012, the undersigned counsel filed an Answer on behalf of Defendant New England Compounding Center ("NECC"), but failed to file a responsive pleading on behalf of Defendant, Alaunus.

5. As this Court is aware, there are a currently thirty-one (31) similarly styled meningitis cases pending throughout Indiana; twenty-nine (29) of which are currently pending before this District Court.

6. Various defendants have been named in each case; and, through excusable neglect and/or clerical error, the undersigned counsel failed to realize that Defendant Alaunus was named in this action, such that a responsive pleading from Alaunus was required.

7. The undersigned counsel respectfully asks this Court to excuse counsel's error and grant leave for Alaunus to file its belated responsive pleading, attached hereto as **Exhibit A**.

8. Where an attorney's error constitutes excusable neglect, the attorney's error should not be imputed to the client. *See*, *e.g. Whelchel v. Community Hospitals of Indiana, Inc*., 629 N.E.2d 900 (Ind. Ct. App. 1994) (defendant was entitled to relief from default judgment where failure to timely respond to complaint was due to breakdown in communications); *Rose v. Rose*, 181 Ind. App. 98, 390 N.E.2d 1056 (1979). *See also Kreczmer v. Allied Const. Co*., 152 Ind. App. 665, 284 N.E.2d 869 (1972) (finding that failure of defendants to appear was excusable because summons and complaint had been placed by member of staff of insurance company's attorney in an envelope similar to other files which, at the time, were being transferred to the attorney from previous counsel for the insurance company and the case was not brought to attorney's attention in time to make appearance and trial court did not abuse its discretion by vacating default).

9. Plaintiff will not be prejudiced by Alaunus's belated pleading. The responsive pleading was due on December 13, 2012. Less than one (1) month has passed since the pleading deadline expired. No substantive activities have taken place during the interim period.

10. Notably, the alterative of an entry of default judgment against Alaunus is too harsh a sanction under the circumstances. Fed. R. Civ. P. 55(c) provides that, in order to have an entry of default set aside or a default judgment vacated, defendants must show: (1) good cause for their default; (2) quick action to correct it; and, (3) a meritorious defense to the plaintiff's complaint. *Breuer Elec. Mfg. v. Toronado Sys. of Am.,* 687 F.2d 182, 185 (7th Cir.1982).

11. Here, Alaunus has not yet been defaulted and has taken quick action to prevent entry of default by simultaneously submitting its responsive pleading attached hereto as **Exhibit A**. In addition, Alaunus's responsive pleading fully sets forth the merits of Alaunus's defense.

WHEREFORE, Defendant Alaunus Pharmaceutical, LLC, respectfully asks this Court for an Order granting Alaunus leave to file its belated responsive pleading attached hereto as **Exhibit A**, and for all other relief just and proper in the premises.

LEWIS WAGNER LLP

By: */s/ Kameelah Shaheed-Diallo*
DINA M. COX, #18590-49
KAMEELAH SHAHEED-DIALLO, #28058-49
ROBERT M. BAKER IV, #25471-49
JANELLE M. KILIES, #30708-49
*Attorneys for Defendants New England Compounding Pharmacy Inc. & Alaunus Pharmaceutical, LLC*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on January 11, 2013 using the CM/ECF system which sent notification of this filing to the following:

David W. Holub
8403 Merrillville Road
Merrillville, IN  46410

                                            */s/ Kameelah Shaheed-Diallo*
                                            KAMEELAH SHAHEED-DIALLO

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN  46202
Phone: (317) 237-0500
FAX:   (317) 630-2790
kshaheed-diallo@lewiswagner.com
Q:\NECC\1 - Tacy\Federal Court Pleadings\Alaunus MFL to file belated responsive pleading.docx