UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NATHAN OWEN TACY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | CIVIL ACTION: 3:12-CV-712-RL-CAN |
| ) | |
| ) | |
| NEW ENGLAND COMPOUNDING ) | |
| PHARMACY, INC., aka NEW ) | |
| ENGLAND COMPOUNDING CENTER, ) | |
| AMERIDOSE LLC, and ALAUNUS ) | |
| PHARMACEUTICAL LLC ) | |
| Defendants. ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ALAUNUS PHARMACEUTICAL LLC'S MOTION FORLEAVE TO FILE BELATED RESPONSIVE PLEADING (DOC 18)

Plaintiff Nathan Owen Tacy, by counsel, responses in opposition to Defendant Alaunus's Motion for Leave to File Belated Response Pleading (DOC 18), and states as follows:

The above-captioned matter, originally filed in the Elkhart Superior Court on October 16, 2012, was removed by Defendants on November 8, 2012 to the United States Districting Court, Northern District of Indiana. On November 14, 2012, Defendants filed a notice for automatic extension (DOC 6), before the original deadline passed, requesting an additional 28 days to response to Plaintiff's Complaint, making a new deadline for Defendants' answers on and including Dec.13, 2012. Over Plaintiff's objection, the Court granted the extension by Order (DOC 10).

Defendants New England Compounding Pharmacy, Inc. (filed Dec. 13, 2012) and Ameridose, LLC (filed Dec. 13, 2012) each filed their Answer within the required

time period. Defendant Alaunus did not file its responsive pleading within this time period. On Dec. 21, 2012, defendant New England Compounding Pharmacy, Inc. filed for Chapter 11 Bankruptcy relief.

The purposes of the bankruptcy stay under 11 U.S.C. § 362 "are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." G*ATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.1985). Generally "by its terms the automatic stay applies only to the debtor, not ... to co-tortfeasors." *Id.* However, an exception to this general rule does exist, and a bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt co-defendants where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co.*, 788 F.2d at 999. At or around the time of Alaunus filing of (DOC 18) on January 11, 2013, plaintiff was readying to file a motion to default Alaunus, but given the complexity of this case, felt the need to first confirm that the stay had not been extended to Alaunus.

Alaunus finally filed its "Motion for Leave to File Belated Responsive Pleading on Behalf of Defendant Alaunus on January 11, 2013. Alaunus attached its proposed responsive pleading as "Exhibit A", titled "MEMORANDUM IN SUPPORT OF ALAUNUS PHARMACEUTICAL, LLC'S MOTION TO DISMISS"[1]

---

[1] Alaunus did not file a "Motion to Dismiss", rather it appears they filed their Motion requesting permission to file a belated responsive pleading, and attached the proposed "Memorandum in Support" of the Motion to Dismiss they either intended to file, or wish to file if the Court grants leave to do so. Plaintiffs, until such an order from the Court is granted, interpret Defendant's Exhibit A to be part of the request to file a belated responsive pleading on the part of Alaunis and no responsive pleading on their part has been filed to date.

If Defendant Alaunus were permitted to file a belated "Motion to Dismiss", Plaintiff would be substantially prejudiced.  Plaintiff's health has greatly deteriorated due to the two contaminated injections in which caused spinal meningitis to develop in Plaintiff.  Plaintiff alleges that his injury was in whole or in part due to the wrongful conduct on the part of Defendant Alaunus.  Furthermore, both additional co-defendants found Plaintiff's complaint to be sufficiently well-pleaded to permit an answer.  Alaunus's effort to obtain leave to present a motion to dismiss can rightly be seen as dilatory.

Wherefore, Plaintiff objects to Alaunus's belated request to file their "Motion to Dismiss" (which was not attached as an Exhibit to their 1/1/13 Motion (DOC 18).  Plaintiff requests that either Plaintiff be granted leave to file for Default Judgment against Defendant Alaunus, or that alternatively, Alaunus be barred from filing their Motion to Dismiss, and only be permitted time to file an Answer, so that this litigation may timely proceed.

LAW OFFICES OF DAVID W. HOLUB, P.C.

BY:  DAVID W. HOLUB - #8220-64

  /s/ David W. Holub_____
Attorney for Plaintiffs, #8220-64
8403 Merrillville Road
Merrillville, Indiana 46410
(219) 736-9700

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

                                            s/David W. Holub