UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NATHAN OWEN TACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12-cv-712-RL-CAN |
| | ) | |
| NEW ENGLAND COMPOUNDING | ) | |
| PHARMACY, INC. a/k/a NEW | ) | |
| ENGLAND COMPOUNDING | ) | |
| CENTER, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On January 11, 2013, Defendant, Alaunus Pharmaceutical LLC ("Alaunus"), filed a motion for leave to file belated responsive pleading. On January 24, 2013, Plaintiff filed his response in opposition to Alaunus's motion. Alaunus did not file a reply.

Alaunus's motion was filed after the December 13, 2012, deadline for responsive pleadings, established by this Court, had passed. Alaunus argued that its counsel failed to realize it was named in this action, such that a responsive pleading was required. Alaunus explained that its counsel lost track of this particular action amidst the thirty-one (31) similarly styled cases pending in Indiana. Alaunus argues that Plaintiff will not be prejudiced by its belated pleading because nothing substantive occurred in the litigation between the December 13th deadline and the filing of this motion. In addition, Alaunus contends that it took prompt action to avoid default once it realized its excusable neglect and clerical error.

Plaintiff argued that any delay to this proceeding would cause substantial prejudice because his health has deteriorated greatly. Additionally, Plaintiff explains that it delayed pursuing a default judgment against Alaunus in order to confirm that a bankruptcy stay had not

been extended to Alaunus upon Defendant, New England Compounding Pharmacy's, filing for Chapter 11 bankruptcy relief.  Plaintiff also points out that Alaunus failed to attach a separate motion to dismiss to the instant motion as required by the Local Rules of the Northern District of Indiana.  *See* N.D. Ind. L.R. 7-1.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  In this case, Alaunus's counsel missed the deadline, but without any ulterior motive.  Moreover, the Court reiterates its point from its previous order that Plaintiff's illness alone does not demonstrate prejudice.  The Court appreciates, however, Plaintiff's interest in enforcing the Local Rules of the Northern District of Indiana and encourages Alaunus to ensure compliance with the Rules in the future.

Therefore, because Plaintiff has shown that its counsel failed to act because of excusable neglect and default judgment would not be justified at this early stage of the case, the Court **GRANTS** Alaunus's motion.  [Doc. No. 18].  Alaunus's responsive pleading must be filed by **February 19, 2013**.

**SO ORDERED.**

Dated this 12th day of February, 2013.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge